UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| **KYLE J. HALL, et al.,** | **CIVIL ACTION NO. 7:19-52-KKC** |
| **Plaintiffs,** | |
| V. | **OPINION AND ORDER** |
| **UPS GROUND FREIGHT, INC.,** | |
| **Defendants.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff's motion to remand. (DE 9, Motion.) For the following reasons, the Court will grant the motion.

The plaintiffs, Kyle J. Hall and Chris C. Gilley, filed this action in Pike Circuit Court. In their complaint, they allege that Hall was driving an ambulance with Gilley as a passenger on U.S. 23 in Pike County, Kentucky. They allege that, at the same time, defendant Timmy L. Miller was driving a commercial truck owned by defendant UPS Ground Freight, Inc. The plaintiffs allege that Miller negligently blocked the roadway, causing a collision with the ambulance, and that they suffered bodily injuries as a result. They allege that Miller was a UPS employee at the time of the collision. The plaintiffs assert negligence claims against Miller and UPS.

Most relevant to this motion, however, plaintiff Gilley also asserts a claim against his own insurer, Kentucky Farm Bureau Mutual Insurance Company. Gilley asserts that his Kentucky Farm Bureau policy provides him with uninsured/underinsured motorist ("UIM") coverage and that the truck operated by Miller was uninsured or underinsured at the time of the accident. Gilley asserts that, pursuant to the policy, he is "entitled to recover from

Defendant, Kentucky Farm Bureau Mutual Insurance Company, for his injuries to the extent of the liabilty of the uninsured and/or underinsured Defendants." (DE 1-1, Complaint, ¶25.)

On July 23, 2009, defendants UPS and Miller removed the action to this Court. The federal removal statute grants defendants in civil suits the right to remove cases from state courts to federal district courts when the latter would have had original jurisdiction. 28 U.S.C. § 1441(a); *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). This Court has original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332 (a)(1). In order for a defendant to remove a case to federal court based upon diversity jurisdiction, there must be complete diversity of citizenship both at the time the case is commenced and at the time the notice of removal is filed. *Jerome-Duncan, Inc.*, 176 F.3d at 907.

Plaintiffs are both Kentucky citizens. Defendants UPS and Miller are Virginia citizens. Thus, if the Court were looking only to the citizenship of these parties, complete diversity would exist in this case. Defendant Kentucky Farm Bureau, however, is, like the plaintiffs, a Kentucky citizen. Thus, if its citizenship is considered in the diversity analysis, removal was not proper, and this matter must be remanded to state court.

In their notice of removal, however, UPS and Miller argue that the citizenship of Kentucky Farm Bureau should be ignored because it was "fraudulently joined." "When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Id*. (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)).

The burden of proving fraudulent joinder of a non-diverse defendant is on the removing party. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 948-949 (6th Cir. 1994). "To prove fraudulent joinder, the removing party must present sufficient evidence that

2

a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). "[I]f there is a colorable basis for predicting that a plaintiff may recover against a non-diverse defendant, this Court must remand the action to state court. *Id*. The test is not whether the defendants were added to defeat removal but "whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Alexander*, 13 F.3d at 949 (citation and quotations omitted). All disputed questions of fact and all ambiguities in the controlling state law should be resolved in favor of the plaintiff. *Id*.

UPS and Miller argue that Gilley cannot assert a claim against Kentucky Farm Bureau for UIM coverage until he receives a judgment against Miller or UPS that exceeds the insurance liability limits of UPS and Miller. (DE 14, Response at 3.) The Kentucky Supreme Court has made clear, however, that "this is simply not true." *State Farm Mut. Auto. Ins. Co. v. Riggs,* 484 S.W.3d 724, 729 (Ky. 2016). "A judgment is not a prerequisite, it is simply a material element to a claim for UIM coverage. In other words, an insured must prove the extent of the tortfeasor's liability in order to claim UIM benefits." *Id*.

The court further explained, "[t]he bottom line is this: an insured's UIM claim does not spring to life only after a judgment against the tortfeasor. The insured is always in possession of the UIM claim because his contractual rights are independent of the tort judgment." *Id*.

In fact, the Kentucky Supreme Court stated that the procedure Gilley is employing here – suing both the tortfeasor and his UIM carrier in the same action – is "the overwhelmingly more likely and popular option. . . Our case law, in fact, is replete with examples of this." *Id*. at 729-30 (footnotes omitted). "In fact, as our case law indicates rather

3

plainly, the vast majority of insureds file a single suit naming both the tortfeasor and UIM insurer as defendants." *Id*. at 730.

In their Notice of Removal, UPS and Miller also argued that "Gilley has no colorable cause of action against [Kentucky Farm Bureau] because UPS and Miller are insured and have sufficient liability insurance to cover all of Gilley's personal injury claims." (DE 1, Notice of Removal, ¶ 13.) These facts, however, goes to the merits of Gilley's claim and are not properly considered by the Court on a fraudulent joinder analysis. "[I]t is worth noting the limited nature of the Court's examination of the merits of the plaintiffs' claims against [the defendant]. The question is not whether the plaintiffs will recover from [the defendant]. Rather, it is whether the plaintiffs could recover from [the defendant] under Kentucky law." *Winburn v. Liberty Mutual Insurance Co.*, 933 F. Supp. 664, 666 (E.D. Ky. 1996). *See also Terry v. Jackson*, 19 F. App'x 377, 379 (6th Cir. 2001)("district court should not have addressed the merits of plaintiff's underlying claims" on fraudulent joinder analysis).

For all these reasons, the Court hereby ORDERS as follows:

1) the plaintiffs' motion to remand (9) is GRANTED;

2) this matter is REMANDED to Pike Circuit Court; and

3) this matter is STRICKEN from the Court's active docket.

Dated October 25, 2019

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY